# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLARK COUNTY PROSECUTORS ASSOCIATION,

        Plaintiff,

v.

CLARK COUNTY BOARD OF COMMISSIONERS, et al.,

        Defendants.

2:11-CV-1111 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Clark County Prosecutor's Association's ("CCPA") motion for a preliminary injunction. (Doc. #28). Defendants Clark County Board of Commissioners, board members Susan Brager, Larry Brown, Tom Collins, Chris Giunchigliani, Mary Beth Scow, Steve Sisolak and Lawrence Weekly, and Clark County (collectively "Clark County") has filed an opposition (doc. #36), to which CCPA has replied (doc. #37).

**I.    Background**

CCPA is a local government employee organization operating pursuant to Nevada Revised Statutes, Chapter 288. Amended Compl. ¶ 4. Traditionally, it represented all individuals holding attorney positions in the Clark County District Attorney's Office. *Id.* This included attorneys in the civil, criminal, family support, and juvenile divisions. *Id.*

**James C. Mahan**
**U.S. District Judge**

As of March 24, 2006, Clark County recognized CCPA as a bargaining unit, as defined in NRS § 288.028. *Id.* CCPA was the sole bargaining agent for its member attorneys pursuant to NRS §§ 288.027, 288.67, and 288.160. *Id.* In December 2009, CCPA settled a pending litigation matter with Clark County. That settlement agreement served as the collective bargaining agreement between CCPA's members and the county. *See id.*, Ex. 3 ¶ 2. The collective bargaining agreement ran from June 30, 2008, through June 30, 2010. *Id.*

On July 1, 20011, the Nevada legislature passed Senate Bill 98, which among other things, created NRS § 288.149(4)(c). The new statute prohibits "an attorney who is employed by a local government employer and who is assigned to a civil law division, department or agency" from joining "an employee organization." The statute effectively reduced CCPA's membership ranks to only those attorneys employed in criminal divisions of the Clark County District Attorney's Office. On July 5, 2011, the Board of County Commissioners passed a resolution that resulted in a six percent reduction in the salaries of the civil deputy district attorneys that had been excluded from collective bargaining by the new law.

In response to the passage of the new law, CCPA filed the instant lawsuit in the Eighth Judicial District Court, Clark County. Clark County removed the action to federal court on July 6, 2011. CCPA also filed a petition for writ of mandamus, or in the alternative, a writ of prohibition in state court, requesting that the court permanently enjoin Clark County from reclassifying civil deputy district attorneys as no longer members of CCPA for purposes of collective bargaining. In an order dated August 26, 2011, the state court denied the petition. Importantly, the state court explained that CCPA should seek a preliminary injunction in the action pending before this court. Specifically, it stated:

> Additionally, although the Federal Court Lawsuit and the instant Petition do not raise sufficiently identical claims for the doctrine of abatement to apply to the instant case, because the equitable relief requested in this case is also requested in the Federal Court Lawsuit, the proper course of action for CCPA would have been to pursue injunctive relief in the Federal Court Lawsuit.

*See* Doc. #23, Ex. 1 ¶ 20 to Ex. A.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    It was only after Clark County moved for summary judgment in the instant case, over eight
2 months after CCPA filed the instant suit and its petition seeking injunctive relief in state court, that
3 CCPA finally moved for a preliminary injunction. CCPA explains its over eight month delay by
4 stating that it was not until Clark County moved for summary judgment that the prospect of
5 immediate and irreparable harm was raised. This court is unpersuaded. For the reasons that follow,
6 the motion for injunctive relief is denied.

7  **II.    Discussion**
8      *1.    Legal Standard*

9    The Supreme Court has recognized that "a preliminary injunction is an extraordinary and
10 drastic remedy," *Munaf v. Green*, 553 U.S. 674, 676 (2008), that may be issued only "upon a clear
11 showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555
12 U.S. 7, 22 (2008). To prevail in a motion for injunctive relief, a movant must establish: (1) a
13 likelihood of success on the merits; (2) that it would suffer irreparable harm in the absence of an
14 injunction; (3) that balancing of the parties' relative hardships favors the granting of the injunction;
15 and (4) that an injunction serves the public interest. *Id.* ("A plaintiff seeking a preliminary injunction
16 must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
17 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
18 injunction is in the public interest.").

19    One leading commentary has explained, "Perhaps the single most important prerequisite for
20 the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is
21 likely to suffer irreparable harm before a decision on the merits can be rendered . . ." C. Wright, A.
22 Miller & M. Kane, Fed. Practice and Procedure § 2948.1, p. 139 (2d ed. 1995). Indeed, where a
23 movant fails to establish irreparable harm, courts have denied the motion without considering the
24 remaining three factors. *See, e.g., Reuters Ltd. v. United Press Intern., Inc.*, 903 F.2d 904, 907 (2d
25 Cir. 1990); *Talk to Mr Products, Inc. v. Lanard Toys, Inc.*, 24 U.S.P.Q.2d (BNA) 1798, 1800, 1992
26 WL 266930 (E.D. N.Y. 1992). Moreover, to prevail the movant "muse demonstrate *immediate*
27 threatened injury." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Here, CCPA is arguing that a decision on the merits will cause the harm, not the interim period
2    before a decision is reached. *Cf.* Wright & Miller, § 29481.1, *Caribbean Marine*, 844 F.2d at 674.
3    The court finds that a preliminary injunction is inappropriate because CCPA has failed to establish
4    that it faces an immediate harm.

5    First, the court finds that CCPA's exceedingly long delay in seeking an injunction is
6    indicative of a lack of an immediate harm. CCPA filed a petition in state court seeking similar
7    injunctive relief eight months ago, but was told the proper remedy was to seek injunctive relief in
8    federal court. It chose to wait over eight months before heeding that court's advice and filing a
9    motion for a preliminary injunction in the instant case. Only now, upon the filing of Clark County's
10   motion for summary judgment has an "emergency" arisen necessitating this drastic remedy.

11   The court disagrees with CCPA's representation that the pending motion for summary
12   judgment triggered the immediacy of the harm. CCPA argues that "should [d]efendants prevail on
13   their [m]otion for [s]ummary [j]udgment, all of CCPA's harm is triggered – i.e. [d]efendants will
14   be permitted to employ SB98's blatantly-unconstitutional ban on joining unions." Reply ISO Mot.
15   Prelim. Inj. 3:11-13. This argument fails to realize that "should defendants prevail on their motion
16   for summary judgment" defendants *win*. Judgment would be entered in favor of Clark County and
17   against CCPA. There can be no grounds to enter summary judgment in favor of one party, yet at the
18   same time enjoining that party from acting consistent with the order granting judgment in the first
19   place. By way of example, this court cannot grant summary judgment in favor of a defendant in
20   trademark dispute – thereby ruling as a matter of law that no actionable infringement occurred – and
21   at the same time enter an injunction prohibiting defendant from making use of its mark. This is
22   exactly what CCPA is requesting the court do.

23   More to the point, CCPA's argument makes clear that it is not facing an immediate harm that
24   will prejudice it prior to the court reaching the merits of the suit. Rather, CCPA is arguing that when
25   the court reaches the merits of the suit, if it finds in favor of Clark County, CCPA will suffer harm.
26   Such an argument ignores that preliminary injunctions are meant to maintain the *status quo* pending
27   a lawsuit.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CCPA's motion for a preliminary injunction (doc. # 28) be, and the same hereby is, DENIED.

DATED May 9, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**