# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLARK COUNTY PROSECUTORS ASSOCIATION,

    Plaintiff,

v.

CLARK COUNTY BOARD OF COMMISSIONERS, et al.,

    Defendants.

2:11-CV-1111 JCM (NJK)

**ORDER**

Presently before the court is plaintiff's motion for summary judgment. (Doc. # 48). Defendants filed a response in opposition (doc. # 51), and plaintiff filed a reply (doc. # 52).

**I.  Background**

On February 1, 2006, the Employee Management Relations Board ("EMRB") issued an order recognizing the Clark County Prosecutors Association ("CCPA") as a bargaining unit under NRS 288.028 for deputy district attorneys. On March 24, 2006, Clark County recognized the CCPA as the exclusive bargaining agent for all employees occupying certain classifications with the local district attorney's office.

The CCPA and the county entered into collective bargaining. In or around July 2008, the CCPA and Clark County entered into a process agreement, which specified negotiated promotion and compensation changes. The CCPA alleged that beginning in May 2009, the county began to

**James C. Mahan**
**U.S. District Judge**

1  unilaterally make changes contrary to the bargained for process agreement.  The CCPA pursued
2  redress before the state courts and the EMRB.

3  In December 2009, the CCPA and the county entered into a settlement agreement resolving
4  the claims before the state courts and the EMRB.  The new settlement agreement was effectively a
5  new collective bargaining agreement with a term running from June 30, 2008, through June 30,
6  2010.

7  Beginning in February 2010, the parties began to a negotiate a new agreement that would
8  began effective July 1, 2010.  The parties could not reach an agreement.  There was a one year
9  window, from July 1, 2010, through June 30, 2011, in which there was no governing collective
10 bargaining agreement.

11 On June 20, 2011, the county sent a letter to the CCPA detailing the county's new statutory
12 mandates under a potential new law, senate bill 98 ("SB 98").  Under SB 98, attorneys assigned to
13 the civil division of the Clark County District Attorney's Office would be subject to certain changes
14 in their treatment by the county.  On June 30, 2011, the CCPA wrote a letter to the county informing
15 the county that the CCPA believed that the proposed actions would be unlawful.

16 On July 1, 2011, the Nevada Legislature passed SB 98, which created NRS 288.140(4)©.
17 On July 5, 2011, the Board of County Commissioners passed a resolution reducing the salaries by
18 six percent of the civil Deputy District Attorneys.

19 Clark County and the CCPA have since entered into a new collective bargaining agreement.
20 However, the new agreement did not resolve the parties dispute over SB 98 and NRS 288.140(4)©.[1]
21 CCPA argues that the statutes unconstitutionally deprived civil attorneys working in the district
22 attorneys office of their ability to join a union.  The county argues that the statutes prohibited the
23 civil attorneys from bargaining only, not from joining a union.

24 The dispute led to CCPA filing a lawsuit in the Nevada state courts.  The county removed
25 to this court under federal question jurisdiction.  The complaint alleges various breach of contract

---

[1] The parties agree that SB 98 and NRS 288.140(4)(c) applies only to civil division attorneys. The statutes do not apply to criminal, juvenile or family attorneys.

James C. Mahan
U.S. District Judge

- 2 -

1 causes of action along with violations of the First Amendment and the contracts clause. Via a
2 stipulation (docs. # 45-46) the parties dismissed some of the causes of action with prejudice.
3 Plaintiffs now allege only violations of the freedom of association guaranteed by the First and
4 Fourteenth Amendments and violations of the contracts clause of the federal and Nevada
5 constitutions.

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

The court must first look to the language of the statute. The relevant subsection of NRS 288.140 states:

> 4. The following persons may not be a member of an employee organization:
>
> (a) A supervisory employee described in paragraph (b) of subsection 1 of NRS 288.075, including but not limited to appointed officials and department heads who are primarily responsible for formulating and administering management, policy and programs.
>
> (b) A doctor or physician who is employed by a local government employer.
>
> © Except as otherwise provided in this paragraph, an attorney who is employed by a local government employer and who is assigned to a civil law division, department, or agency. The provisions of this paragraph do not apply with respect to an attorney for the duration of a collective bargaining agreement to which the attorney is a party as of July 1, 2011.

NRS 288.140(4).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  The CCPA argues that the plain language of the statute unconstitutionally restricts a civil attorney's right to join a union protected by the free association clause of the First Amendment. *See generally Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464-65 (1979) ("The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation from doing so."). The CCPA also argues that the statute violates the contract clauses of the federal and Nevada constitutions. *See generally U.S. Trust Co. of N.Y. v. New Jersey*, 431 U.S. 1 (1977).

The county argues that the statute, as properly interpreted, restricts civil attorneys from joining a bargaining unit, which is not constitutionally protected. *See generally Smith*, 441 U.S. at 465 ("But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."). According to the county, the statute permits civil attorneys to join any union of their choice. Finally, the county argues that the statute, by its plain terms, does not violate the contracts clause. The court agrees with the county for the reasons set forth infra.

   *a.*   *Freedom of Association*

When an administrative agency is tasked with interpreting certain statutes, deference should be given to the administrative agency's prior construction of language in the statute at issue. *See Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) ("When administrative and judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its administrative and judicial interpretations as well."); *see generally UMC Physicians' Bargaining Unit of Nevada Serv. Emps. Union v. Nevada Serv. Emps. Union/SEIU Local 1107, AFL-CIO*, 178 P.3d 709, 712 (Nev. 2008) ("We will defer to an administrative body's interpretations of its governing statutes or regulations only if the interpretation is within the language of the statute.").

In Nevada, the EMRB is tasked with interpreting the statutes in NRS chapter 288. *See* NRS 288.110(2) ("The Board may hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any local government employer, local

James C. Mahan
U.S. District Judge

- 5 -

1 government employee or employee organization.").

2 The EMRB has already issued an order interpreting NRS 288.140(4)(a), which is identical
3 to section (4)© except that it governs supervisory employees rather than civil attorneys. *See City of*
4 *Reno v. Reno Firefighters Local 731, Int'l Ass'n of Firefighters*, item no. 777-B, case no. A1-
5 046049, 2012 WL 3365128 (NV LGEMRB Aug. 1, 2012). The EMRB first noted that it has
6 historically interpreted sections of NRS chapter 288 to affect the collective bargaining only, not
7 union membership. *Id.* at *2.

8 In interpreting NRS 288.140(4)(a), the agency reasoned:

> "[T]he restriction on membership in an employee organization is proportional to the[ ] contours of the Act. Thus, while NRS 288.140(4) is worded in such a way as to restrict membership in an employee organization, the Board concludes that NRS 288.140(4)'s restriction on membership in an employee organization extends only as far as the collective bargaining relationship between an organization and an employer set forth in NRS Chapter 288. To extend the ban any further would improperly reach into matters that are of no concern to the Act or of this Board."

14 *Id.* at * 3. Even though the EMRB was considering only NRS 288.140(4)(a), its interpretation
15 necessarily affects sections (4)(b) and 4©. Indeed, NRS 288.140(4) states all "[t]he following
16 persons may not be a member of an employee organization." The interpretation of each subsection
17 should be the same. *See Clark v.* Martinez, 543 U.S. 371, 378 (2005) ("To give these same words
18 a different meaning for each category would be to invent a statute rather than interpret one."); *Cable*
19 *v. State ex rel. its Emp'rs. Ins. Co. of Nevada*, 127 P.3d 528, 532 (Nev. 2006) ("[S]ubsections of a
20 statute will be read together to determine the meaning of that statute.").

21 Finally, a court should interpret a statute in a way that avoids rending it unconstitutional
22 when a constitutional interpretation is possible. *Clark*, 543 U.S. AT 381-82 (stating that the
23 avoidance canon of construction "is a tool for choosing between competing plausible interpretations
24 of statutory text, resting on the reasonable presumption that Congress did not intend the alternative
25 which raises serious constitutional doubts."); United *States ex rel. Attorney Gen. v. Delaware &*
26 *Hudson Co.*, 213 U.S. 366, 407-08 (1909) ("It is elementary when the constitutionality of a statute
27 is assailed, if the statute be reasonably susceptible of two interpretations, by one of which it would

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

be unconstitutional and by the other valid, it is our plain duty to adopt that construction which will save the statute from constitutional infirmity.").

The court agrees with the interpretation of the EMRB that the statute intended only to restrict certain government personnel from bargaining, not from joining a union.

    b.    *Contracts Clause*

The court similarly concludes that the statute does not violate the contracts clause. The statute became effective July 1, 2011, and specifically states "[t]he provisions of this paragraph do not apply with respect to an attorney for the duration of a collective bargaining agreement to which the attorney is a party as of July 1, 2011." NRS 288.140(4)©. By the plain language of the statute, any contract in place as of July 1, 2011, would have remained in place. At the time of the enactment of the statute, there was no collective bargaining agreement in place. The parties had failed to renew the agreement prior to the start date of the statute.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. # 48) be, and the same hereby, is DENIED.

DATED March 15, 2013.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**